Mr. Justice Cox,
after stating the case, delivered the-opinion of the court.
The defense in this case is that when the contract was-presented to Davis for his signature, and that when he signed it, the figures “ 50,000 ’’'were not in the phrase ‘-'the edition not to exceed 50,000 copies ” as it now reads; so that the contract it is claimed has been altered. It is somewhat singular that this alleged addition to the contract really had-the effect of limiting and restricting instead of enlarging the liability that the instrument would have imposed if it was in the form which Davis says it was when he signed it.. Without this alleged addition it was an agreement to pay $10 for every thousand copies printed and delivered for distribution, without any limit at all; so that 100,000 or 200,000 copies might have been furnished, and under the terms of this agreement the party would be bound to pay for them, and his liability might have been twice or four-times as much as claimed in this case. If any wrong was done, the probability it seems to me is that it was in omitting these words (these large figures) for the purpose of preventing the defendant’s attention from being called to the magnitude of the undertaking he was entering upon.. He was thus, perhaps, lulled into some security and deterred *233 from inspecting the instrument with the care that he ought to have exercised. Whether that folly of his is a defense or not is not a question before us, because the' record limits as to the question of evidence simply.
The defendant, taking the stand himself, testified that he would not have signed such a contract had he seen the figures- “ 50,000,” and is confident that when he signed it the space where the “ 50,000 ” now appears was blank, or filled with “ naughts,” at the time of the said signature. Dp to this-point the evidence was properly enough admitted, and though not positive, it was some evidence. But in corroboration of the defendant’s own evidence the testimony of several other persons was admitted to show that in two other contracts of a similar character, executed at about the same time, with other persons, there were also blanks where these figures were, at the time the contracts were signed, and that those blanks were afterwards filled up with these figures.
In other words, to show an alteration in this contract, testimony was admitted to show that the plaintiff' had altered two other contracts with other parties.
It must strike anybody at once that that is a very extraordinary kind of proof as .tested by the settled principles of the law of evidence. The rule as stated on that subject is expressed clearly in 1 Phillips on Evidence, p. 748, as follows:
“It is considered, in general, that no reasonable presumption can be formed as to the making or executing of a contract by a party with one person, in consequence of the mode in which he has made or executed similar contracts with other persons, still less can a party be affected by the declarations, conduct or dealings of strangers. Transactions which fall within either of these classes are termed in law res inter alios acta, and evidence of this description is uniformly rejected. In an action against the acceptor of a bill of exchange where the defense was that the acceptance was a forgery, evidence offered on the part of the defendant that a collection of bills bearing his forged signature had been in the plaintiff’s possession, and that some of such bills had *234 been circulated by him, was held to be inadmissible without distinct proof that the bill in suit had formed a part of that collection.”
So here it seems to us very plain that evidence that other persons had dealings similar to this with with the plaintiff, and that the plaintiff had altered contracts executed with them, after their delivery to him, is totally inadmissible to ■show such an alteration in this particular case. There is a well-recognized exception to that rule, and that is, where the evidence relates to the guilty or fraudulent intent or knowledge. — the scienter, as it is called, of a party. Where a man is charged with passing a counterfeit bill, and the fact of passing the bill is proved, the next question is: Did he know it was counterfeit? And evidence is admissible to show that it was no casual thing, but he had been in the habit of passing such bills. That is competent. But it was never held that a charge of actually passing a counterfeit bill could be proven in one case by showing that he passed counterfeit bills on other parties.
The counsel for the defense evidently felt the stress of this rule and appreciated the exception, as is manifest from the terms of the offer made in this case. In the printed record we find this interlineation : “And for the purpose of showing a- general scheme to defraud the public and his intent in procuring the contract with defendant,” &c. That was evidently done with this rule in view, that his transactions with other parties might be introduced to show fraudulent intent. But it is not the question • here, whether this party had fraudulent designs on the public or on this defendant, but whether he didj in fact, make the alteration. It is just the reverse of the case I have supposed, where the fact is proved or admitted, and it is a question of intent. Here it is not a question of intent, but as to the fact. The question is : Did he actually alter this contract after it was delivered to him ? And on that question this evidence is admitted. It is not aided at all by offering evidence for the purpose of proving a matter entirely immaterial ; that is, a general or particular intent to defraud *235 "We think that is a vital error, and could not but have an influence on the jury. They could hardly help inferring that he did the same thing in this case as in the others. The first exception is therefore sustained.
The second exception is an exception of the plaintiff to the rejection of a number of prayers offered by him. But, as we do not know whether the state of facts will be the same on the second trial, we do not know whether the prayers will be same or not. One of the rulings of the court in its final instruction involves precisely the same error as is exhibited in the first exception. That is, the court gave instructions to the jury to consider this evidence of third persons about transactions with them, substantially. If we are right about the first, that was an error. But for the reason already stated, it is not' necessary that the details of this second exception should be considered by the court.
A new trial is granted.